## THE OSCAR BARNETT FOUNDRY COMPANY

*v.*

## THE IRON WORKS COMPANY and PAUL L. CROWE.

[Decided December 15th, 1915.]

1. Ordinarily, relief from a decree of injunction, on the ground of an adjudication that the contract, the violation of which was enjoined, had been previously rescinded, must be sought by a bill of review.

2. Complainant, the exclusive licensee of a patented device, obtained an injunction against the licensor's violation of the license contract, which on the licensor's appeal was affirmed, and pending such proceeding the licensor, who did not plead the rescission in the injunction suit, brought an independent suit in the United States courts and obtained a decree holding that the contract had been previously rescinded, and thereupon moved to vacate the injunction.—*Held*, that the licensor was entitled to relief from the injunction, not by its vacation, but by an order permanently staying all proceedings on the decree.

3. In such case the order staying proceedings on the injunction decree would be conditioned upon the licensor's payment of all the complainant's costs and counsel fees in the chancery suit, in the court of errors and appeals, and in the federal jurisdiction.

On motion to vacate injunction.

*Mr. Charles Young* and *Mr. William P. Preble* (of the New York bar), for the motion.

*Mr. Egbert J. Tamblyn,* contra.

HOWELL, V. C.

On January 29th, 1908, Paul L. Crowe, one of the defendants, entered into a contract with the Oscar Barnett Foundry Company, the complainant, by which Crowe licensed the complainant solely to manufacture a device called mechanical chain stokers in accordance with letters patent issued to Crowe therefor.

Afterwards the defendants, Crowe and the Iron Works Company (a corporation which has since been dissolved) violated the terms of the contract by manufacturing the stokers without the permission of the complainant. The complainant thereupon brought suit in this court against the Iron Works Company and Crowe, and such proceedings were had therein, that on November 25th, 1912, a final decree was entered by which it was ordered that an injunction issue against the Iron Works Company and Crowe restraining them from manufacturing and selling any mechanical chain stokers embodying the features set forth and referred to in the above-mentioned agreement of January 29th, 1908, in violation of the exclusive rights granted to the complainant by that agreement, together with other matters pertaining thereto. The defendants appealed to the court of errors and appeals; the decree of this court was affirmed on May 9th, 1913, and on June 26th, of the same year, the injunction was issued. The decree also provided that the defendants, Crowe and the Iron Works Company, should pay the costs of the suit, together with a counsel fee of $100 to be included therein, and that execution issue therefor according to the practice of this court. These costs have not been paid. In the meantime, the defendant Crowe, conceiving that the contract upon which he had been sued had in fact been rescinded, instead of pleading rescission in the pending chancery suit, brought an original and independent suit in the United States circuit court for the third circuit and district of New Jersey on August 9th, 1913, alleging that the contract had been rescinded by act of the parties, and seeking a judicial declaration to that effect. Such proceedings were had therein that a final decree was entered on June 10th, 1914, which declared that the said contract was rescinded on May 21st, 1914. The Oscar Barnett Foundry Company took an appeal from the said decree to the United States circuit court of appeals for the third circuit, and on January 18th, 1915, that court affirmed the decree entered below, but holding that the contract between the Oscar Barnett Foundry Company and Crowe was rescinded on November 2d, 1912, and not May 21st, 1914, as was held by the court below. Thereupon a final decree was

entered on the mandate of the appellate court on April 9th, 1915, by which it was finally adjudicated that the contract in question was rescinded by the acts of the parties thereto on November 2d, 1912.

It thus appears that there are now two decrees dealing with the said contract, one in this court adjudging that the contract was in full force, and that it was violated by Crowe and the Iron Works Company and enjoining them therefrom, and the other in the United States district (formerly circuit) court adjudicating that the contract was rescinded by the act of the parties on November 2d, 1912. It seems quite clear that Crowe should have pleaded the rescission in the chancery suit so that all the issues relating to the validity of the contract might have been tried in that suit. Not having done this, he now finds the chancery injunction in his way, and he seeks to relieve himself of the burden by moving to vacate the writ.

Ordinarily, relief of the sort demanded here would be sought by a bill of review, but no such bill can be filed in this case, for the reason that the time limit for taking such action expired long since, and unless he can have relief by the motion now pending, or its equivalent, he loses the effect of the decree of the federal court and the injunction will stand as if there had been no decree avoiding the contract.

In my opinion, Crowe should now be relieved from the burden of the injunction in chancery, but not in the form in which the present motion is made. Instead of vacating the injunction, which would be equivalent to vacating the decree, an order should be entered permanently staying all proceedings on the decree.

The manner of dealing with final decrees was discussed by the present chancellor in two recent cases—*Hudson Trust Co.* v. *Boyd, 80 N. J. Eq. 267,* and *Smith* v. *Smith, 84 N. J. Eq. 13.* The first of these two cases was a motion to open a final decree, vacate the enrollment and dismiss the complainant's bill in a foreclosure suit. For reasons which appear in the opinion the chancellor denied the motion, but held that after a final decree had been made the proceeding was no longer under the control

of the parties, but that it was under the control of the court, and that such decrees would be opened only to let in a defence to prevent fraud or mistake, or otherwise to further the ends of justice, and that after a decree had passed, in order to effectuate a settlement by the parties, the proper practice is to stay proceedings and not dismiss the bill. In the other case a similar ruling was made in a partition suit, and I take it to be the rule as enunciated in those two cases that when justice requires that proceedings be taken adversely to a decree, and the circumstances are such that a bill of review cannot be filed, the only remedy left open to the parties is to stay all proceedings thereon. This course was taken by me in the case of *Rosenstein* v. *Burr, 83 N. J. Eq. 491.* There a decree was made in favor of a complainant in a specific performance suit; he declined to perform, and the question arose what should the defendants do to relieve their land from the cloud of the decree, and it was held, under the authority of the English cases, that there should be a decree rescinding the contract and staying all proceedings in the suit, and that seems to be the only measure of relief which can be awarded to Crowe in the case at bar.

Inasmuch, however, as Crowe did not avail himself of his right to plead the rescission in the chancery suit he should be put upon terms. The order staying proceedings should be conditioned upon the payment by Crowe of all the Barnett company's costs and counsel fees in the chancery suit, in the court of errors and appeals and in the federal jurisdiction.